

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 20, 1959

Mr. Ramie H. Griffin
Criminal District Attorney
Beaumont, Texas

Opinion No. WW-737

Re: Whether a sheriff receiving
notification by letter from
another law enforcement of-
ficer that there is a warrant
outstanding for a certain
person, has authority to ar-
rest said person before he
receives the outstanding war-
rant or before it is trans-
mitted to him by telegram as
provided in Articles 225, 227,
228, and 229, C.C.P.

Dear Mr. Griffin:

You ask the following question:

"If the Sheriff of Jefferson County receives
notification by letter from the Sheriff of another
County, or any other law enforcement agency in
another County in the State of Texas, that there
is a warrant outstanding for a certain person (giv-
ing the warrant number and description of the of-
fense), does the Sheriff of Jefferson County have
authority to arrest the person described in such
notice before he receives the outstanding warrant
or before the warrant is transmitted to him by
telegraph as provided in Articles 225, 227, 228
and 229, C.C.P.?"

There are two types of arrests, arrest under a warrant and ar-
rest without a warrant. Your question and this opinion are only concerned
with an attempted arrest under a warrant.

Article 243, Texas Code of Criminal Procedure reads as follows:

"In executing a warrant of arrest, it shall al-
ways be made known to the accused under what author-
ity the arrest is made; and, <u>if requested, the warrant
shall be exhibited to him</u>. O.C. 231 (Emphasis added)

The Court of Criminal Appeals, in <u>Cortez v. State</u>, 161 S.W.2d 495,
498 (1942), said of this provision:

"It occurs to us that where the evidence fails
to show that this provision of said article was
complied with, the presumption obtains that the ar-
rest was illegal; . . ."

Unless the arresting officer can produce evidence that he com-
plied with Article 243, the arrest will be presumed illegal. The officer
must have a warrant with him at the time he makes the arrest. Mere noti-
fication that a warrant exists is not sufficient as the arresting officer
cannot then meet the requirements of Art. 243, Texas Code of Criminal
Procedure.

## SUMMARY

A sheriff receiving notification by letter
from another law enforcement officer that
there is a warrant outstanding for a cer-
tain person, has no authority to arrest
said person under that warrant before he
receives the outstanding warrant or before
it is transmitted to him by telegram as
provided in Articles 225, 227, 228 and 229,
C.C.P.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Cecil Cammack, Jr.
Assistant

CC:aw

APPROVED:

OPINION COMMITTEE:

Riley Eugene Fletcher, Chairman

Marvin Brown
Charles D. Cabaniss
Iola Wilcox
Robert Walls

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W.V. Geppert